UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LADONNA KELLY<br>  Debtor | ) | No. 11-28710 |
| | ) | |
| THE PAYDAY LOAN STORE<br>OF ILLINOIS, INC.<br>  Plaintiff | ) <br>) <br>) | Judge Schmetterer <br><br>Chapter 7 |
| | ) | |
| v. | ) | Adv No. 11-02047 |
| LADONNA KELLY<br>  Defendant | ) <br>) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Now Comes Plaintiff, The Payday Loan Store of Illinois, Inc., by its attorney, Michael Dimand, and request that the Court adopt the following Findings of Fact and Conclusions of Law based on the Requests for Admission served upon LaDonna Kelly on January 3, 2012 pursuant to Rule 36 of the Federal Rules of Civil Procedure, and not answered within 21 days of the date of service, and thereby deemed admitted.

FINDINGS OF FACT

1. Defendant LaDonna Kelly is the debtor in case number 11-28710, filed July 12, 2011.

2. Defendant LaDonna Kelly requested and received from Plaintiff an Installment Loan on June 30, 2011, in the amount of $800.00.

3. Defendant LaDonna Kelly made the above charges at a time when she knew that she was falsely representing her intent and ability to repay the debt incurred.

4. Defendant LaDonna Kelly made the above charges at a time when she knew she was insolvent and would be unable to repay the debt.

5. Defendant LaDonna Kelly falsely represented her intent to repay the debt owed to plaintiff.

6. Defendant LaDonna Kelly fraudulently obtained property, goods, services or money through the use of the credit provided to her by plaintiff.

7. The defendant intended at the time of the solicitation of the loan that the debt owed to plaintiff be discharged through her Chapter 7 case.

8. Plaintiff has been damaged in the amount of the loan proceeds given to defendant in the amount of $800.00, plus the Adversary filing fee of $250.00, and attorney's fees.

CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter.

2. The actions of defendant LaDonna Kelly have met the burden of Section 523(a)(2) to establish non-dischargeability of the debt owed to The Payday Loan Store of Illinois, Inc.

3. A Judgment of Non-dischargeability shall be entered in favor of The Payday Loan Store of Illinois, Inc. and against LaDonna Kelly.

Entered _____   Date  2/7/12

FEB - 7 2012

Michael Dimand
5 E. Wilson St.
Batavia, IL 60510
(630) 406-8099